## Tobin v. Macaluso

*Dale T. Lias*, for plaintiff.

*Samuel Goldstock*, for defendant.

KENNEDY, J., May 11, 1948.—On June 5, 1947, plaintiff filed a transcript from the office of Justice of the Peace Frederick N. Megahan in which judgment was entered in his favor and against defendant on May 5, 1947 in the sum of $79. On October 20, 1947,

defendant filed a petition to strike off the judgment in the prothonotary's office, claiming certain defects in the transcript, and a rule to show cause was granted.

It is clear from the transcript that this proceeding was based on the statute which gives jurisdiction to a justice of the peace in an automobile collision case where the sum involved is less than $100 and plaintiff submits a sworn receipted bill for the repairs. Defendant and his witnesses according to the transcript appeared at the original hearing on May 3, 1947, and offered evidence to rebut the alleged negligence of defendant. The transcript then shows the following:

"Hearing is continued to May 5th, 1947, between the hours of 7:00 o'clock P. M., D.S.T. and 8:00 o'clock P. M., D.S.T., as a sworn receipted bill was not presented. And now, May 5th, 1947, at 8:00 o'clock P. M., D.S.T., time set for continued hearing, case is called. Plaintiff appears and defendant does not appear. Plaintiff J. W. Tobin, sworn, testified that his automobile was repaired by Wiggins Esso Service at Fifth Avenue and Hamilton Avenue, Pittsburgh, Pa., and presents a sworn receipted bill from the said Company sworn by John H. Dague, the amount of $79.00. And now, May 5th, 1947, at 8:10 o'clock P. M., after having heard all proofs and allegations of the plaintiff and the defendant, judgment is given publicly in favor of the plaintiff and against the defendant for the sum of $79.00 together with costs of suit. And now, June 2nd, 1947, plaintiff requests transcript."

The reasons given for the petition to strike the judgment from the record are: (1) That defendant did not know that the hearing was continued until May 5, 1947, and was not later notified that judgment was entered against him; (2) that the transcript did not have attached to it the sworn receipted bill. Only the first reason was pressed at the oral argument or in defendant's brief. Defendant claims that his first

knowledge that judgment was entered against him was when the Department of Revenue of the Commonwealth on September 15, 1947, notified him that his operating privileges would be suspended until the judgment had been satisfied of record.

It is quite clear from the transcript that the purpose in continuing the hearing for two days was to have plaintiff comply with the statute by submitting a sworn receipted bill. Defendant was present with his witnesses at the original hearing. It is definitely the law that: "Every reasonable presumption will be made in favor of the proceedings of a Justice of the Peace if jurisdiction over the parties is shown."

The cases cited by counsel for defendant in support of the rule are not in point. Those cases decide that where a magistrate takes further time after a hearing to decide a case and does not notify the parties when he will make the decision that the record and transcript should show that he fixed a certain date for the making of his decision and that he notify the parties of such date, or that having rendered judgment, he notified the parties, otherwise judgment will be set aside. In this proceeding, however, the justice of the peace notified the parties that the hearing was continued until the evening of May 5, 1947. It thereupon became the duty of defendant to appear at that hearing or to make inquiries within 20 days thereafter as to what occurred, so that if judgment had been rendered against him he could appeal if he so desired. When a day certain is set for the continuation of the hearing and defendant does not appear then there is no legal obligation upon either plaintiff or the justice of the peace to notify defendant as to what occurred.

It is our conclusion, therefore, that the rule to strike off the judgment in the prothonotary's office should be discharged.